PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | CASE NO. 4:13CV490 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES MARSHAL, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondents. | ) | **ORDER** [Resolving ECF No. 1-1] |

Relying on the authority bestowed by 28 U.S.C. § 2241, *pro se* Petitioner Frederick Banks asks the Court to issue a Writ of Habeas Corpus urging his release from federal custody. Petitioner names the United States Marshal, Northeast Ohio Corrections Center Warden Michael Pugh (collectively "Federal Defendants"), and TransCor, as Defendants.[1] ECF No. 1-1. For the reasons that follow and pursuant to 28 U.S.C. § 1915A, the Court hereby dismisses the petition for lack of subject matter jurisdiction.

**I. Facts and Procedural Background**

While being held at the Northeast Ohio Corrections Center as a federal prisoner in route to FCI Forrest City Low located in Forrest City, Arkansas, Petitioner filed, in the Court of Common Pleas, Mahoning County, Ohio, a pleading entitled: "Petition for a Writ of Habeas Corpus For a Person Who Is Being Held In Custody in Violation of The Ohio Constitution and

---

[1] TransCor is a U.S. detainee/prisoner transportation company owned by Corrections Corporation of America. www.transcor.com (Last visited on June 19, 2013 at 3:20 p.m.).

(4:13CV490)

Ohio State Law." ECF No. 1-1 at 3. In that pleading, Petitioner alleges that, while living at a halfway house and working two jobs, he was re-arrested and re-imprisoned resulting in his inability to work. ECF No. 1-1 at 3. Petitioner argues that his "jobs were taken unlawfully" without cause or notice as a result of his imprisonment. ECF No. 1-1 at 4. His prayer for relief is that he be released so that he may continue to work.[2] ECF No. 1-1 at 5.

The Federal Defendants removed the matter (ECF No. 1) on the basis of federal jurisdiction, 28 U.S.C. § 1442(a)(1), and, thereafter, moved to dismiss the action for lack of jurisdiction (ECF Nos. 3; 4).[3] To date, Petitioner has not responded.

## II. Law & Analysis

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in civil action in which a prisoner seeks a redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

---

[2] Petitioner also seeks an evidentiary hearing and appointment of counsel. ECF No. 1-1 at 5. Because the Court lacks jurisdiction, it is unable to address those requests.

[3] The initial motion to dismiss included a request to consolidate cases. Petitioner currently has two other purported habeas corpus proceedings, one pending before Judge James Carr (*Banks v. Pugh*, Case. No. 4:13 CV 238) and one before Judge Dan Polster (*Banks v. Pugh*, Case. No. 4:13 CV 335).

2

(4:13CV490)

Generally, in order for a district court to have jurisdiction over a habeas claim, the petitioner must be in government custody. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding that a petition for a writ of habeas became moot when the petitioner's incarceration for a parole violation had concluded prior to adjudication, to wit: "urging in a habeas corpus proceeding the correction of a sentence already served is another matter." (citing *North Carolina v. Rice*, 404 U.S. 244, 248)). A narrow exception to the general rule applies if a petitioner is able to show he incurred concrete and continuing injury as a result of his conviction other than the now-ended incarceration, and that redress by invalidation of the conviction would rectify the injury. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1988) (finding that petitioner was no longer incarcerated or on parole and that the "now-ended incarceration" was not a continuing injury that could be redressed through invalidation); *see also Lane,* 455 U.S. at 632 (explaining that a parole violation does not result in continuing injury such as the inability to vote, serve on a jury, or engage in certain businesses under state law, as would a criminal conviction).

In the instant case, Petitioner is no longer incarcerated. Nor is Petitioner under the restraints of supervised release.[3] Because Petitioner is no longer in custody, he must show collateral consequences suffered as a result of his conviction that are redressable by invalidation of his conviction. *See Spencer,* 523 U.S. at 7. Petitioner's claim that he lost his jobs working during the day in a restaurant and at night as a security guard (ECF No. 1-1 at 3 ¶ 5; at 4 ¶ 12) is not redressible by invalidating his conviction. Moreover, Petitioner has obtained the relief that

---

[3] *See* Federal Bureau Prisons, www.bop.gov/ (Last visited June 19, 2013, 3:41 p.m.).

3

(4:13CV490)

he seeks by the mere passage of time — he has been released, and is, therefore, now able to work. *See* ECF No. 1-1 at 5 (asking the Court "to release me so I can restore my employment and liberty."). Therefore, Petitioner does not meet the narrow exception, rendering the matter moot and the Court without subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, the Court dismisses the petition for lack of subject matter jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| June 19, 2013 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |