PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, ) | |
| ) | CASE NO. 4:13cv490 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES MARSHAL, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondents. ) | **ORDER** [Regarding ECF No. 7] |

*Pro se* Petitioner Frederick Banks filed this action under 28 U.S.C. § 2241 against the Northeast Ohio Correctional Center Warden Michael Pugh, the United States Marshal (collectively "Respondents") and Transcor in the Mahoning County Court of Common Pleas on February 5, 2013.¹ ECF No. 1. The case was removed to the instant Court by Respondents on March 6, 2013. In his Petition, Plaintiff asserts his arrest at a Residential Re-Entry Center ("RRC"), his subsequent return to prison and the resulting loss of his employment in the community violated the Ohio Constitution and Ohio law. ECF No. 1-1 at 3-5.

---

¹ Petitioner titles his pleading as a "Petition for a Writ of Habeas Corpus for a Person who is Being Held in Custody in Violation of the Ohio Constitution and Ohio State Law." ECF No. 1-1 at 3. At the time he filed this action, Petitioner was a federal prisoner serving a sentence imposed by the United States District Court for the Western District of Pennsylvania. There are two types of habeas petitions available to federal prisoners. A petition filed under 28 U.S.C. § 2255 is used by a federal prisoner to challenge his conviction or the imposition or legality of the sentence imposed upon him. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A petition filed under 28 U.S.C. § 2241 is used by federal prisoners to challenged the manner in which the sentence is served. *Id.* Because Petitioner is not challenging his conviction or the legality of the resulting sentence, the Court liberally construes the Petition as arising under 28 U.S.C. § 2241.

(4:13cv490)

## I. Background

Petitioner was convicted in the United States District Court for the Western District of Pennsylvania and was sentenced on February 25, 2005 to 60 months incarceration in *United States v. Banks*, Case No. 03 CR 245, and to 63 months incarceration in *United States v. Banks*, Case No. 04 CR 176. ECF No. 3-1 at 1. His projected release date was June 4, 2013. ECF No. 3-1 at 1.

On November 13, 2012, Petitioner was released to Renewal, Inc., an RRC in Pittsburgh, Pennsylvania. ECF No. 1-1 at 3. He contends he obtained employment at a restaurant from 9:00 a.m. until 1:00 p.m. ECF No. 1-1 at 3. Because he had his afternoons and evenings free, he found a second job that permitted him to work from 3:00 p.m. until 11:00 p.m. ECF No. 1-1 at 3-4.

Petitioner contends he was returning from work on January 15, 2013 when one of the RRC monitors blocked his entry into the facility. ECF No. 1-1 at 4. He alleges he injured his back attempting to gain access to the facility. ECF No. 1-1 at 4. Petitioner indicates he was arrested at the RRC by the United States Marshals on January 17, 2013 and transported to a holding facility in Pittsburgh, Pennsylvania. ECF No. 1-1 at 4. He claims he was told he was being removed from the RRC so that the facility could investigate the incident leading to his injury.[2] ECF No. 1-1 at 4.

Petitioner was thereafter assigned to the Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City Low"). ECF No. 3-1 at 2. In the course of his transport to Arkansas, Petitioner was briefly held at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown,

---

[2] Respondents indicate Petitioner returned to the RRC an hour late on December 31, 2012 which violated a condition of his release to community placement. ECF No. 3-1 at 1. They contend Petitioner was sanctioned for the violation with removal from the RCC and return to prison for a period of 180 days. ECF No. 3-1 at 1-2.

2

(4:13cv490)

Ohio. ECF No. 1-1 at 4. The Petition does not indicate when he arrived at NEOCC, but Petitioner lists his place of incarceration at the time he filed this habeas petition as NEOCC. ECF No. 1-1 at 4-5. He arrived at FCI Forrest City Low on February 21, 2013. ECF No. 3- 1 at 2.

Petitioner contends that his arrest by the Marshals and his transport back to prison violated the Ohio Constitution and Ohio laws. ECF No. 3-1 at 2. Specifically, he claims he was denied a property interest in his employment in Pittsburgh which deprived him of procedural due process in violation of "Ohio Constitution I § 1." ECF No. 1-1 at 4. He also claims Respondents violated his contract rights by forcing him to breach contracts with his Pittsburgh employers. ECF No. 1-1 at 4.

Respondents filed a Motion to Dismiss on May 3, 2013. ECF No. 3. In that Motion, they contend Petitioner failed to state a claim upon which relief may be granted because he relies solely on violations of Ohio law and has not alleged a violation of his federal rights. ECF No. 3-1 at 2-4. They also indicate Petitioner did not exhaust his administrative remedies. ECF No. 3-1 at 4.

Respondents then filed a Supplemental Motion to Dismiss on May 29, 2013. ECF No. 4. In that Supplement, they contend that the Petitioner was released from prison on May 24, 2013. They assert that because Petitioner challenges the revocation of his community placement and seeks immediate release from prison, the relief he seeks under habeas is moot.

On June 19, 2013, the Court issued a Memorandum of Opinion and Order dismissing the case for lack of jurisdiction. ECF No. 5. Specifically, the Court found that Petitioner was no longer in custody for purposes of 28 U.S.C. § 2241. Petitioner responded with a Reply to Respondent's Supplemental Motion to Dismiss, and Motion to Vacate Judgment pursuant to Federal Civil Procedure Rule 60(b). ECF No. 7. In his motion, Petitioner indicates he is still subject to supervised

3

(4:13cv490)

release, which qualifies as being "in custody" for purposes of § 2241. ECF No. 7 at 1. For the reasons set forth below, the Petitioner's Rule 60(b) Motion is granted, but this action is dismissed for other grounds, pursuant to 28 U.S.C. §2243.

## II. Standard for Dismissal

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and "his pleadings are held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, a court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines a petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

## III. Law and Analysis

### A. Petitioner Has No Federal Claim

Before reaching the merits of a case, a federal court must ensure it has jurisdiction over the matter. *See Sinochem Int'l. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–431, (2007). Generally, the proper respondent in a habeas action under § 2241 is the petitioner's

4

(4:13cv490)

immediate custodian at the time of filing. See *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Moreover, a petitioner's post-filing transfer does not defeat jurisdiction. See *White v. Lamanna,* No. 01-4051, 42 F. App'x 670, at *1 (6th Cir. May 3, 2002); *Borrasi v. Sepanek*, No. CIV.A. 13-10-HRW, 2013 WL 2298186, at *1 (E.D. Ky. May 24, 2013); *Riddell v. Quintana*, No. 5:13-CV-18-JMH, 2013 WL 1789372, at *1 (E.D. Ky. Apr. 26, 2013). Petitioner was being detained in NEOCC pending his transfer to FCI Forrest City Low. Without question, this Court had personal jurisdiction over Petitioner's custodian, the Warden at NEOCC, at the time the Petition was filed. See *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) (court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian). Petitioner's subsequent transfer to Arkansas does not defeat jurisdiction.

Although this was the proper venue for Petitioner to file his request for habeas relief, he has not established a viable claim upon which the Court could entertain a habeas petition. Petitioner's grounds for relief are based solely on violations of Ohio law. ECF No. 1-1. Section § 2241(c)(3) provides that a federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Violations of state law are not cognizable in a habeas petition. See *Harlin v. Ray*, No. 3:12-CV-535, 2013 WL 655052, at *1 (E.D. Tenn. Feb. 21, 2013); *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).[3] Petitioner has not stated a viable ground upon which relief under § 2241 can be granted. For this

---

[3] Moreover, Petitioner filed another Petition pursuant to § 2241 alleging these same facts and asserting violations of his right to due process protected by the Fifth Amendment of the United States Constitution. That case, *Banks v. Pugh*, No. 4:13 CV 238 (N.D. Ohio filed Feb. 1, 2013), is currently pending before United States District Judge James G. Carr.

(4:13cv490)

reason alone, the Petition must be denied and this action must be dismissed.

### B. Petitioner's Relief is Moot

Furthermore, the relief Petitioner sought in this habeas petition is moot. To exercise its power under Article III of the Constitution, a court must have a live case or controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Therefore, when a case or issue has "lost its character as a present, live controversy" the court loses jurisdiction, rendering the matter moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because a court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question. *Lewis*, 494 U.S. at 477.

The Supreme Court has consistently held that, unless an injury is accompanied by "continuing, present adverse effects," it "does not in itself show a present case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). In the instant case, the injury of which Petitioner complains is that he was returned to prison for violating the rules of the RRC. The relief he seeks to remedy this situation is his "immediate release from confinement." ECF No. 1-1 at 5, 6. Petitioner, however, was released from prison on May 24, 2013. As such, he is no longer suffering from the injury for which he sought the Court's relief. *See Demis v. Sniezak*, 558 F.3d 508, 513 (6th Cir. 2009) (a prisoner's placement in a residential reentry center during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot). In other words, while he may still be "in custody" for purposes of challenging his conviction, he is not challenging his conviction here. He is seeking relief from termination of his placement in an RRC and his return to prison. Because he has already been released from prison, there is no other relief this Court can grant to correct this situation. Thus, even

6

(4:13cv490)

if Petitioner had stated a viable ground for relief under § 2241, it would be dismissed as moot. *See Meyers v. Warden, F.C.I. Elkton*, No. 3:12 CV 1051, 2012 WL 6725666, at *2 (N.D. Ohio Dec. 27, 2012).

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Relief from Judgment pursuant to Federal Civil Rule 60(b) (ECF No. 7) is granted. The Court vacates its Memorandum of Opinion and Order issued June 19, 2013 (ECF No. 5). However, because the Petition lacks a cause of action that is cognizable in a habeas petition and the relief sought is moot, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 July 9, 2013  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge